UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**Bridgett Wright**
*Plaintiff*

4:24cv304 ALM/AGD

FILED
APR 0 9 2024
Clerk, U.S. District Court
Eastern District of Texas

vs.

Cedric Lamar Richardson, Dawn Palmer, Roy Eaton, Jamel Anderson, Deshon Anderson aka Deshon Richardson, Corene Ford, Judge David Allen, Coldwell Banker Realty, Security Mortgage Corporation, Class Valuation, Imperial Care Services LLC
*Defendants*

Case No.: [ ]

**COMPLAINT**

### I. JURISDICTIONAL ALLEGATIONS

1. **Diversity of Citizenship**: The case involves parties from different states, with Bridgett being a resident of Texas, and the defendants potentially located in different states. This satisfies the diversity jurisdiction requirements of the federal court, as outlined in 28 U.S.C. § 1332, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.
2. **Federal Question Jurisdiction**: Bridgett's allegations include violations of federal statutes or constitutional provisions, which grants the federal court jurisdiction under 28 U.S.C. § 1331. The case raises significant federal questions involving the interpretation and application of federal law.
3. **Judicial Allegations**:
    1. **Due Process Violations**: Bridgett's complaint includes claims of due process violations under the Fifth and Fourteenth Amendments, suggesting that her legal rights in previous judicial proceedings were compromised.
    2. **Judicial Misconduct**: The complaint might also touch upon potential judicial misconduct that impacted the fairness and integrity of the legal process, warranting federal court review.
4. **Proper Venue**: The Eastern District is a proper venue for this lawsuit as a substantial part of the events or omissions that give rise to the claim occurred

within this district, or because defendants reside in this jurisdiction, aligning with the venue requirements under 28 U.S.C. § 1391.

5. **Impact on Interstate Commerce**: The case may involve elements that have an impact on interstate commerce, thus falling under the purview of federal jurisdiction, which oversees matters affecting interstate commerce per the commerce clause.

6. This action arises under the laws of the United States and the State of Michigan.
7. Jurisdiction is proper under 28 U.S.C. § 1332 due to diversity of citizenship and the amount in controversy exceeding $75,000
8. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the Plaintiff became a resident of Texas on August 4, 2021
9. This Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1332 (diversity of citizenship) and 28 U.S. Code § 1331 (federal question).
10. **Civil Rights Act (42 U.S.C. § 1983)**: Bridgett can use this statute if she alleges that the judge, acting under color of state law, deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. This statute is commonly invoked in lawsuits against state officials, including judges, for conduct performed outside their judicial capacity or in the clear absence of all jurisdiction.
11. **Bivens Action**: While 42 U.S.C. § 1983 applies to state officials, a Bivens action is a counterpart for federal officials. If the judge is a federal official and Bridgett claims a violation of her constitutional rights, she might pursue a Bivens action. However, like § 1983, this also requires showing that the judge acted outside the bounds of his judicial capacity or jurisdiction.
12. **Deprivation of Constitutional Rights (28 U.S.C. §§ 1331 and 1343)**: Bridgett could assert jurisdiction under these statutes if she is claiming a deprivation of constitutional rights, allowing the federal court to hear her claims.
13.

## II. PARTIES

3. Plaintiff Bridgett Wright ("Plaintiff") is a property owner of real property in Michigan and is a citizen of the State of Texas.
4. **Defendant** Cedric Lamar Richardson ("Richardson") is an individual residing in Detroit, MI and is a citizen of the State of Michigan.
5. **Defendant** Dawn Palmer ("Palmer") is an individual employed as a real estate agent by Coldwell Banker Realty, located in Northville, MI.

6. **Defendant** Roy Eaton ("Eaton") is an individual employed as a mortgage loan officer by Security Mortgage Corporation, located in Farmington Hills, MI.
7. **Defendant** Jamel Anderson ("Jamel") is an individual employed as a mortgage appraiser by Class Valuation, located in Troy, MI.
8. **Defendant** Deshon Anderson aka Deshon Richardson ("Deshon") is an individual residing in Detroit, MI, and is a citizen of the State of Michigan.
9. **Defendant** Corene Ford ("Ford") is an attorney licensed to practice law in the State of Michigan, with an office located at Northville, MI.
10. **Defendant** Judge David Allen ("Judge Allen") is a judicial officer presiding over 3rd Circuit Court located in Detroit, MI.
11. **Defendant** Coldwell Banker Realty ("Coldwell Banker") is a real estate brokerage company incorporated under the laws of MI, with its principal place of business located in Northville, MI.
12. **Defendant** Security Mortgage Corporation ("Security Mortgage") is a mortgage broker company with its principal place of business located in Farmington Hills, MI.
13. **Defendant** Class Valuation ("Class Valuation") is an appraisal management company with its principal place of business located in Troy, MI.
14. **Defendant** United Wholesale Mortgage ("Mortgage Lender" & owner of Class Valuation) its principal place of business located in Pontiac, MI.
15. **Defendant** Imperial Care Services LLC ("Imperial Care") is a limited liability company with its principal place of business located in Southfield, MI.

**III.** This case involves substantial federal questions, including violations of Bridgett Wright's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and potential violations under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

**IV. FACTUAL ALLEGATIONS**

### Bridgett's Property Listed for Sale by Klutch Realty Services LLC on June 30, 2021

15. Plaintiff Bridgett Wright is the owner of real property located at *49109 Paloma Dr, Van Buren Township, Michigan 48111* (the "Property"), she has been the sole owner since February 2012.
16. Bridgett engaged the services of Klutch Realty LLC, a broker licensed in Michigan, to serve as the Listing Broker for the sale of her home.
17. In June 2021, Bridgett's property was featured on the Multiple Listing Service, a widely used real estate platform that aggregates available listings, with a price tag of $495,000.00.

18. In early July 2021, to expedite the sale due to Bridgett's relocation to Texas for a job opportunity, Klutch Realty LLC reduced the listing price of her home from $495,000.00 to $449,000.00.

**Coldwell Banker and Security Mortgage Corporation's fraudulent scheme**

19. On *July 18, 2021*, Defendant Richardson, via his agent Defendant Palmer, presented a purchase agreement to Plaintiff Bridgett Wright's realtor, Terrence Wright of Klutch Realty LLC, for the list price of *$449,000*.
20. Defendant Richardson submitted a fraudulent preapproval letter to Defendant Palmer, obtained from Defendant Roy Eaton at Defendant Security Mortgage Corporation, crafted on the company's letterhead, dated *July 18, 2021*, which misrepresented his financial qualifications and purchasing capacity for the Property.
21. On *July 18 2021*, Defendant Palmer, aware of the fraudulent nature of the preapproval letter, deliberately misled Plaintiff Bridgett Wright by presenting Defendant Richardson's offer as credible. Despite knowing the misrepresentation of Richardson's financial capabilities, Palmer submitted a full-price offer of $449,000.00 to Klutch Realty, aiming to convince Bridgett that Richardson was a legitimate buyer.
22. Defendant Eaton, in his role as a mortgage loan officer at Defendant Security Mortgage, played a pivotal role in providing Defendant Richardson with the fraudulent preapproval letter, neglecting to authenticate Richardson's financial qualifications before issuing the document.
23. Palmer, acting as a deceitful realtor, deliberately misled Bridgett into believing that Richardson's offer was a genuine full-price bid of $449,000.00. She willfully omitted any disclosure of the intricate deceit that awaited Bridgett upon signing the purchase agreement. Fully aware of the fraudulent nature of the preapproval letter, Palmer exhibited a blatant disregard for the truth, choosing not to disclose its falsity to Bridgett.

### I. Richardson's Breach of the Sales Contract at the Time of Termination in August 2021 by Bridgett Wright

24. Richardson deceitfully entered into the purchase agreement to buy Bridgett's property for *$449,000.00, according to #2 "Sales Price"* in the sales contract fully aware that he lacked legitimate mortgage approval. He fraudulently signed the agreement, leveraging false documentation provided by Security Mortgage Corporation LLC and misrepresentation to mislead Bridgett on July 18, 2021.

25. According to clause #6, "Earnest Money," in the sales contract, Richardson was obligated to deposit $7,500 into an escrow account within four days after July 20,

2021, as mandated by the contract and in compliance with Michigan real estate law.
26. Defendant Richardson breached the purchase agreement by failing to deposit the required $7,500 earnest money, despite Plaintiff Bridgett Wright having already changed the property status to pending/off the market.
27. Coldwell Banker neglected to collect the earnest money deposit in accordance with the contract terms based in the sales purchase agreement and failing to respond to Klutch Realty's verification requests on around July 25, 2021 and July 30, 2021.
28. Coldwell Banker's refusal to provide evidence of the EMD's compliance violated the Duty of Disclosure and impacted Bridgett's ability to make informed decisions.
29. Material Breach: Cedric failed to perform his essential obligations under the contract, fundamentally undermined the contract's purpose and Bridgett's expectations based on the agreement.
30. Richardson failed to honor the sales price of $449,000.00 and deposit an amount of $7500.00 as a representation of "good faith" represented of the EMD.

31. As a result of the breach, Bridgett terminated the sales contract on August 16, 2021 and on August 18, 2021.  Each time Richardson refused to sign the termination.

32. On August 18, 2021, post Bridgett's termination Coldwell Banker transmitted the face of a business check in the name of "Imperial Care Services" signed by Deshon Anderson and on the memo line "49109 Paloma".

33. Coldwell Banker would refer to this unverified check as a deposit on Richardson's behalf, which directly violates the sales contract.

34. Coldwell Banker improperly accepted a business check from Defendant Imperial Care Services, LLC signed by Defendant Deshon Anderson that contravened the terms of the purchase agreement, as it was neither signed by Richardson nor was, he the proprietor of the business issuing the check.

35. Coldwell Banker neglected to confirm whether the check had been deposited into an escrow account as stipulated by the contract and required by law, thereby failing to adhere to the legal and contractual safeguards in place.

36. EMDs are held in escrow and are subject to specific handling rules. Coldwell Banker improperly managed the EMD, and violated escrow account regulations, implicated by state of Michigan real estate commission rules and mishandling funds.

## II. The bait-and-switch scheme transitioning from a $449,000.00 sales price to a fraudulent $410,000.00 offer.

37. Richardson aimed to alter the agreed price from $449,000.00, attempting to lower it significantly under false pretenses and fabricated conditions, which constitutes a classic *bait-and-switch tactic: presenting one offer to secure an agreement, then attempting to switch it to another, less favorable one.*

38. On August 2, 2021, Roy Eaton breached the Frank-Dodd Act, which safeguards appraisal integrity, by paying $500 to Class Valuation LLC for an appraisal conducted by Jamel Anderson, thereby infringing upon the law's prohibition against interference in the appraisal process.

39. Defendant Jamel, as a mortgage appraiser employed by Defendant Class Valuation, conducted a fraudulent appraisal of the Property, intentionally undervaluing it to deceive Plaintiff Bridgett Wright, returning a value to significant undervalue price of $405,000.00.

40. By failing to disclose his actual employer "Class Valuation" and misrepresenting his business affiliation to a dissolved business name of "Jayco Real Estate Services LLC", Jamel Anderson violated the Uniform Standards of Professional Appraisal Practice (USPAP), which sets forth the ethical and performance standards for appraisers in the United States.

41. Specifically, the USPAP's Ethics Rule requires appraisers to perform assignments with impartiality, objectivity, and independence, and without accommodation of personal interests.

42. Anderson's receipt of payment from Eaton for this appraisal, conducted under deceitful pretenses, not only contravenes the Frank-Dodd Act's regulations on appraisal independence but also indicates a deliberate attempt to manipulate the property's valuation for personal gain.

43. Eaton, Palmer, Richardson, and Jamel Anderson engaged in a concerted scheme to manipulate the sale of a premium real estate property, conspiring to secure the transaction at a substantially reduced price from $449,000.00 to $410,000.00.
44. On August 10, 2021, subsequent to the execution of the fraudulent appraisal, Dawn Palmer dispatched multiple emails to Klutch Realty LLC inquiring if Bridgett would consider reducing the asking price from $449,000.00, Klutch Realty informed Dawn Palmer "No".
45. On August 11, 2021, Palmer persistently inquired whether Bridgett was willing to accept a reduced offer, now that her borrower was proposing $410,000.00, continuing the effort to secure the property at the basis of a diminished fraudulent appraisal conducted by Jamel Anderson.
46. On August 12, 2021, Dawn Palmer communicated via email to Klutch Realty stating, "The buyers are aware that according to the purchase agreement, the purchase price of the home should be $5,000.00 above the appraised value. Given the appraised value is $405,000.00, this results in a purchase price of $410,000.00. The buyer anticipates the seller will adhere to the terms of the purchase agreement." This communication transitioned from a **simple inquiry to a categorical demand.**
47. Jamel Anderson's intentional undervaluation of Bridgett's property served as the foundation for Cedric Richardson's deceitful strategy to coerce a sale at a price significantly lower than what Bridgett had consented to.  Richardson would argue that Bridgett must sell her property for $410,000.00 based on the low appraised value as opposed to the $449,000.00 sales price as noted in Paragraph #2 of the sales contract.
48. Richardson tried to leverage clause #40 of the sales contract, stating, "*If the appraisal comes in lower that the purchase price, Purchaser will pay $5,000.00 over the appraised price up to the purchase price of $449,000.00*".  Palmer testified under oath that Richardson informed her to insert paragraph #40 into the contract because he wanted to make his offer *"look better"*.  This was not disclosed to Bridgett of Richardson's deceptive offer.
49. Initially on July 18, 2021, Dawn Palmer presented a full-price offer via email to Klutch Realty and guaranteed the $449,000.00 sales price, but after the fraudulent appraisal conducted on or around August 2, 2021, she shifted the contract's interpretation to enforce a reduced price to $410,000.00.
50. On August 16, 2021, due to Richardson's egregious manipulation of the sales contract, particularly concerning the breach of Earnest Money Deposit (EMD) requirements and the unwarranted reduction in sales price—actions fully known to Bridgett at the time—compelled her to seek legal recourse to terminate Richardson's contract of sale.

51. Richardson refused to sign the mutual release on August 16, 2021 and August 18, 2021.

### Attorneys Exerting Coercion and Pressure Through Force and Financial Intimidation

52. On August 16, 2021, Steven Hall, an attorney of Tilchin, dispatched an email to Klutch Realty LLC, asserting a demand to lower the sale price to $410,000.00. In this communication, it was stipulated that should Bridgett consent to this reduced price, Richardson was prepared to increase his offer to $415,000.00, with the stipulation that this offer would remain valid for a mere five-day period.
53. On August 18, 2021, Klutch Realty LLC, would transmit a second sales termination of contract releasing Richardson from the contract, again he refused to sign.
54. On August 30, 2021, Attorney Corene Ford a member of Tilchin, identified herself as Richardson's attorney inappropriately filed a Lis Pendens against Bridgett's property and obtained a Temporary Restraining Order, endorsed by Judge David Allen.
55. The unlawful actions of Corene Ford and David Allen of the filing never notified Bridgett of this action according to the law.
56. This action was strategically executed to intimidate Bridgett and coerce her into an unauthorized sale of her property at a price of $410,000.00 that she never consented to but through fraud these individuals would attempt to force a sale a much lower price.

### Due Process Violations Committed by Corene Ford and Judge David Allen

57. Failure to notify Bridgett about the Lis Pendens and TRO denied her the chance to respond and contest these actions in court, which is a direct infringement of her due process rights. The Fifth Amendment of the U.S. Constitution provides protection against the federal government's actions, and the Fourteenth Amendment extends this protection against state actions.

58. Defendant Judge Allen, presiding over the relevant court proceedings, issued orders and rulings that unlawfully deprived Plaintiff Bridgett Wright of her property rights and constitutional protections.

59. Corene Ford submitted false proof of service to the court on or around September 10, 2021, claiming that Bridgett was served in accordance with the law when, in fact, she was not, this constitutes a serious violation of legal ethics and procedural law.

60. Judge Allen signed off on actions based on this false proof of service, which undermines the integrity of the judicial proceedings.  Bridgett was never made aware of the court's actions, lawsuit, TRO, and the Lis Pendens on her property according to state and federal laws in this country.

61. On September 9, 2021, Corene Ford engaged in an unlawful act by fabricating several email addresses purportedly associated with Bridgett and utilized these to communicate with Bridgett's realtor concerning the lawsuit. This constitutes a violation of laws pertaining to fraud, misrepresentation, and potentially identity theft, as it involves the creation and use of false electronic identities to mislead or deceive others involved in the legal process.

62. Corene Ford and David Allen continued to egregiously breach the sanctity of our legal framework and directly contravened Bridgett's constitutional entitlements. Such actions not only dishonor the esteemed judicial system but also flagrantly infringe upon the fundamental rights guaranteed to Bridgett under the Constitution.

63. On September 13, 2021, an initial case hearing took place, during which Bridgett engaged the services of Nathan Resnick to provide temporary legal representation in the lawsuit that had been initiated against Cedric Richardson.

64. During the initial hearing, David Allen's opening statement, "A deal is a deal," explicitly demonstrated his bias, constituting a clear violation of due process by indicating a prejudgment of the case's merits without a thorough and impartial examination of the evidence and arguments.

65. Judge Allen refused to honor Bridgett's right to terminate.  He stripped Bridgett of any contractual rights and due process given to her in this country.

66. Under contract law, Bridgett had a contractual right to terminate due to Cedric's actions and exercised this right in accordance with the contract terms and applicable law, **MCL § 440.2106** relates to the seller's right to terminate a contract upon the buyer's failure to perform conditions related to the agreement.

67. Judge Allen's refusal to honor the contract termination that Bridgett served to Coldwell Banker was arbitrary and without legal justification, it infringed upon Bridgett's due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

68.

## V. CAUSES OF ACTION

24. **Fraud and Misrepresentation:** Defendants Richardson, Palmer, Eaton, Jamel, Deshon, and Ford engaged in a fraudulent scheme to deceive Plaintiff Bridgett Wright regarding the sale of her Property.
25. **Breach of Fiduciary Duty:** Defendants Palmer, Eaton, Jamel, and Deshon owed a duty of care and loyalty to Plaintiff Bridgett Wright but breached that duty by engaging in fraudulent conduct.
26. **Negligence:** Defendants Palmer, Eaton, Jamel, and Deshon failed to exercise reasonable care in performing their duties, causing harm to Plaintiff Bridgett Wright.
27. **Breach of Contract:** Defendants Richardson, Palmer, and Deshon breached the purchase agreement by providing false information and failing to fulfill their contractual obligations.
28. **Violation of Constitutional Rights:** Defendant Judge Allen violated Plaintiff Bridgett Wright's constitutional rights by issuing orders that unlawfully deprived her of her property rights and due process.

## VI. PRAYER FOR RELIEF

[Insert prayer for relief, including compensatory damages, punitive damages, injunctive relief, declaratory judgment, attorneys' fees, and costs.]

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII. VERIFICATION

[Insert verification statement attesting to the truthfulness of the allegations under penalty of perjury.]

Judge Violated

1. **42 U.S.C. § 1983 - Civil action for deprivation of rights**: This law is often cited in lawsuits against judges for actions taken outside of their judicial capacity that

deprive individuals of their rights, privileges, or immunities secured by the Constitution and laws.
2. **18 U.S.C. § 242 - Deprivation of rights under color of law**: This criminal statute makes it unlawful for any person acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.
3. **18 U.S.C. § 241 - Conspiracy against rights**: This law makes it a criminal offense to conspire to interfere with the exercise of constitutional rights.
4. **18 U.S.C. § 1621 - Perjury generally**: If a judge knowingly makes false statements under oath, they may be violating federal perjury statutes.
5. **18 U.S.C. § 1001 - Statements or entries generally**: This law makes it a crime to knowingly and willfully make fraudulent or false statements in any matter within the jurisdiction of the executive, legislative, or judicial branch of the U.S. Government.
6. **5th Amendment to the U.S. Constitution - Due process**: If a judge deprives someone of life, liberty, or property without due process of law, they could be found to violate the constitutional rights of the individuals involved.
7. **14th Amendment to the U.S. Constitution - Equal protection and due process**: This amendment provides that no state shall deny to any person within its jurisdiction the equal protection of the laws or deprive any person of life, liberty, or property, without due process of law.
8. **Title VI of the Civil Rights Act of 1964 - Prohibition against discrimination**: If a judge discriminates against parties based on race, color, or national origin in cases receiving federal assistance, they may be in violation of this law.

*/s/ Bridgett Wright*

Bridgett Wright
7777 Adelaide St
Unit 1009
Frisco, TX 75034

734-673-0299